UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE ORTES,

                Plaintiff,                                 **COMPLAINT**

    -against-

A P DINER CORP. d/b/a OLYMPIC DINER, PETROS         Index No.:
PATSALOS, and ANASTAIOS MATTEOS,

               Defendants.
------------------------------------------------------------------------X

      Plaintiff, JOSE ORTES ("Plaintiff"), by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, A P DINER CORP. d/b/a OLYMPIC DINER, PETROS PATSALOS, and ANASTAIOS MATTEOS (collectively as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

    1.     Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

    2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

    3.     Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

    4.     At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

5. At all times relevant, Defendant, A P DINER CORP. d/b/a OLYMPIC DINER (hereinafter "OLYMPIC DINER") is and was a domestic business corporation doing business at 1536 Deer Park Avenue, Deer Park, New York 11729.

6. At all relevant times, Defendant, OLYMPIC DINER, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was and is engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to utensils, cooking equipment, pots and pans, vegetables, produce, meat, fish, dairy, and other foods, equipment and materials.

7. At all times relevant, Defendant OLYMPIC DINER, was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York Labor Law § 190(3).

8. At all times relevant, Defendant, PETROS PATSALOS, is and/or was a member, officer, and/or owner of OLYMPIC DINER, had authority to make payroll and personnel decisions for OLYMPIC DINER, was active in the day to day management of OLYMPIC DINER, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

9. At all times relevant, Defendant, ANASTASIOS MATTEOS, is and/or was an owner, officer, and/or manager of OLYMPIC DINER, had authority to make payroll and personnel decisions for OLYMPIC DINER, was active in the day to day management of OLYMPIC DINER, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

**FACTS**

10. Plaintiff was employed by Defendants as a dishwasher from in or about November 2018 to in or about March 2021. Plaintiff's primary job duties included cleaning the kitchen, the restaurant utensils and plates, and food prep.

11. Throughout his employment, Plaintiff regularly worked more than 40 hours per workweek. Plaintiff regularly worked Sunday through Wednesday, and Friday and Saturday, for a total of six days per workweek. Plaintiff began work each weekday at 4:00 p.m., and concluded at 12:00 a.m., and on Saturdays and Sundays, Plaintiff began work at 4:00 p.m. and concluded work at 2:00 a.m. the following morning. Thus, Plaintiff regularly worked fifty-two hours per week.

12. Defendants paid Plaintiff a fixed weekly rate regardless of the number of hours that Plaintiff worked in any given week.

13. Defendants failed to pay Plaintiff premium overtime pay at a rate not less than one and one-half times his regular rate of pay for hours that he worked after 40 hours in a single workweek.

14. Defendants willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and NYLL by failing to record the actual number of hours worked by Plaintiff each week.

15. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by NYLL § 195(1).

16. Defendants failed to provide Plaintiff with accurate statements of his wages earned, including his correct hourly rates of pay and the amount of regular and overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES

17. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

18. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for all of hours that he worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

19. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

20. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

21. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the NYLL.

22. By Defendants' failure to pay Plaintiff proper overtime wages for hours worked in excess of 40 hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

23. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF NEW YORK LABOR LAW § 195(1)

25. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

26. Defendants failed to provide Plaintiff with a written notice upon hire regarding his rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

27. Due to Defendants' failure to provide Plaintiff with the notice required by NYLL § 195(1), Plaintiff is entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF NEW YORK LABOR LAW § 195(3)

28. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

29. Defendants failed to provide Plaintiff with accurate statements of his wages earned, including the correct amount of regular and overtime hours worked and amount of overtime wages for each pay period as required by NYLL § 195(3).

30. Due to Defendants' failure to provide Plaintiff with accurate wage statements with his wages as required by NYLL § 195(3), Plaintiff is entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting

    regulations, and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

ii. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iii. Unpaid wages pursuant to the NYLL and Department of Labor Regulations, plus an amount equal to liquidated damages;

iv. Damages pursuant to New York Labor Law § 198;

v. Pre- and post-judgment interest as permitted by law;

vi. All attorneys' fees incurred in prosecuting these claims;

vii. All costs incurred in prosecuting these claims; and

viii. Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
   February 25, 2022

                LAW OFFICE OF PETER A. ROMERO PLLC
                490 Wheeler Road, Suite 250
                Hauppauge, New York 11788
                Tel.: (631) 257-5588

                */s/ Matthew J. Farnworth*
        By: _____
                MATTHEW J. FARNWORTH, ESQ.